# Court of Appeals
# of the State of Georgia

ATLANTA,___August 21, 2015____

*The Court of Appeals hereby passes the following order:*

**A15E0025.   TMX FINANCE HOLDINGS, INC. et al v. DRUMMOND FINANCIAL SERVICES, LLC et al.**

This Court previously granted leave for TMX Finance Holdings, Inc. and the other appellants ("TitleMax") to pursue an interlocutory appeal from the trial court's order disqualifying its counsel, Greenberg Traurig, LLP.  After TitleMax filed its notice of appeal and paid costs below, TitleMax moved in this Court for a stay of the underlying litigation pending appeal, or, in the alternative, for a stay of the disqualification order.  In our April 3, 2015 order, this Court granted a stay of the disqualification order alone. Drummond Financial Services, LLC and the other appellees ("Drummond") moved for reconsideration, and this Court, on April 30, 2015, granted the motion for reconsideration and vacated the stay. TitleMax petitioned for a writ of certiorari, which the Supreme Court of Georgia granted on June 30, 2015.

In its order, the Supreme Court vacated our April 30, 2015 order (thereby reinstating this Court's order of April 3, 2015), and remanded for this Court to reconsider the question of a stay pending appeal, applying the proper legal standards for a discretionary stay. The Supreme Court said, "the legal standards that guide a court in its consideration of an interlocutory injunction also, generally speaking, inform a court in its consideration of a stay pending appeal." In that respect, the Supreme Court directed that this Court weigh the peculiar equities of this case in determining "whether a stay is warranted to preserve the relevant status quo – that state of affairs that existed prior to the entry of the disqualification order[.]" The equities must inform the appropriate scope of such stay, if warranted, whether it be

a stay of all further proceedings in the trial court, a stay of some portion of the proceedings, or a stay of the disqualification order alone. The Supreme Court also said:

> Among other equities, consideration must be given to the likelihood that petitioners will succeed on the merits of their appeal, the harm to petitioners of having to go forward in the trial court without their counsel of choice, the harm to respondents of having to litigate against counsel who, they say (and the trial court found), have a conflict of interest, and the need for the trial court to press on with this case prior to the resolution of the appeal.

Following remand, the parties have briefed the issues in light of the Supreme Court's order. TitleMax requests that this Court issue a stay pending appeal of all further proceedings in the trial court or, in the alternative, continue the stay of the disqualification order. Drummond asks that this Court decline to issue a discretionary stay of the underlying litigation or of the disqualification order.

We find that the first three equities identified by the Supreme Court weigh in favor of a discretionary stay of the litigation pending appeal. Based on TitleMax's application for interlocutory appeal, Drummond's response thereto, and the parties' additional briefing in this matter, we conclude that TitleMax has made a strong showing that is likely to succeed on the merits of its appeal. If TitleMax were required to proceed in the trial court during the pendency of the appeal without its counsel of choice, it would face a substantial risk of prejudice that cannot be repaired. As the Supreme Court has said, the disqualification of counsel "imposes unique hardship on the client." *Hodge v. URFA-Sexton, LP*, 295 Ga. 136, 138-139 (1) (758 SE2d 314) (2014). And this Court's power to provide meaningful relief to TitleMax, should it be required to proceed without chosen counsel, would be jeopardized. See OCGA § 9-11-62 (e) (acknowledging appellate court's power to "preserve that status quo or the effectiveness of the judgment subsequently to be entered"). Conversely, if only the disqualification order is stayed, and the litigation should proceed with

Greenberg Traurig as counsel for TitleMax, Drummond would be forced to litigate against counsel who the trial court has found to have a conflict of interest. There is a risk of harm to Drummond in such event. If, however, the litigation is stayed pending appeal and the status quo maintained, TitleMax would not have to proceed in the interim without its counsel of choice, nor would Drummond be forced to litigate against Greenberg Traurig.

We must also consider, however, "the need for the trial court to press on with this case prior to the resolution of the appeal." Drummond argues that the litigation must continue in light of the trial court's order entered May 28, 2015, wherein it issued an interlocutory injunction prohibiting TitleMax from engaging in certain activities, such as soliciting Drummond's customers on Drummond's premises.[1] The trial court found in its order, among other things, that there was a substantial threat Drummond would suffer irreparable injury in the form of lost customers, lost goodwill, and repeated trespasses if the injunction was not granted. We conclude that Drummond faces the risk of substantial prejudice to the extent any stay of proceedings precludes enforcement of the interlocutory injunction, but that the equities otherwise favor a stay of proceedings on the merits pending appeal.

In view of the foregoing, we rule as follows. All proceedings in the trial court are stayed during the pendency of the interlocutory appeal; provided, however, that the trial court may hold proceedings to address any alleged violations of its interlocutory injunction order and take action to enforce the injunction if the court finds a violation. As to TitleMax's legal representation in any such proceedings, the disqualification order is not stayed and remains in effect pending resolution of the appeal. Our order of April 3, 2015 is hereby VACATED. TitleMax's motion for a stay pending appeal is GRANTED to the extent set forth herein.

---

[1] TitleMax, it appears, has been represented in the injunction proceedings by Morris, Manning & Martin, LLP.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* __08/21/2015__
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ , *Clerk.*